

SAB/AMO: USAO 2011R00896

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | \* |
| | \* |
| v. | \*   CRIMINAL NO. **GLR** 12 CR 0306 |
| | \* |
| **JAYAD ZAINAB ESTER CONTEH,** and | \*   (Conspiracy to Commit Bank Fraud, |
| **PAUL ANTHONY WILSON,** | \*   18 U.S.C. § 1349; Bank Fraud, |
| | \*   18 U.S.C. § 1344; Aggravated Identity |
| **Defendants** | \*   Theft, 18 U.S.C. § 1028A; Exceeding |
| | \*   Authorized Access on Protected |
| | \*   Computer, 18 U.S.C. § 1030(a)(2)(A); |
| | \*   Aiding and Abetting, 18 U.S.C. § 2; |
| | \*   Forfeiture, 18 U.S.C. § 982) |
| | \* |

\*\*\*\*\*\*\*

### INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Indictment:

1.  Capital One Bank (USA), NA ("Capital One") and SunTrust Bank ("SunTrust") were financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation (collectively "the financial institutions"). The computer systems of the financial institutions were "protected computers" as defined in Title 18, United States Code, Section 1030(e)(2).

2.  Defendant **JAYAD ZAINAB ESTER CONTEH ("CONTEH")** was employed as a teller at the Capital One branch located at 8315 Georgia Avenue, Silver Spring, Maryland.

3.  Defendant **PAUL ANTHONY WILSON** was a resident of Washington, D.C.

## The Conspiracy

4.      From a time unknown to the Grand Jury until at least in or about April 2012, in the District of Maryland and elsewhere, the defendants,

**JAYAD ZAINAB ESTER CONTEH, and
PAUL ANTHONY WILSON,**

did unlawfully, knowingly and willfully conspire, combine, confederate and agree with other persons known and unknown to the Grand Jury to knowingly devise a scheme and artifice to defraud the financial institutions, and to obtain money and property owned by and under the custody and control of the financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, and material omissions, in violation of Title 18, United States Code, Section 1344 ("the scheme to defraud").

## Manner and Means of the Conspiracy and Scheme to Defraud

The manner and means of committing the conspiracy and scheme to defraud included the following:

5.      It was part of the conspiracy and scheme to defraud that defendant **CONTEH**, without authorization, accessed confidential computerized account information at Capital One and obtained the names, dates of birth, social security numbers, and other means of identification of account-holders.

6.      It was further part of the conspiracy and scheme to defraud that defendant **CONTEH** disclosed the account-holders' confidential information to coconspirators.

7.      It was further part of the conspiracy and scheme to defraud that defendant **WILSON**, using the alias **Anthony Johnson**, wrote checks on the victims' accounts, payable to

himself, and cashed the checks at branches of Capital One in Prince George's County, Charles County, and Montgomery County, Maryland.

## Overt Acts

8. In furtherance of the conspiracy and to effect the objects of the conspiracy, defendants **CONTEH, WILSON** and coconspirators known and unknown to the Grand Jury committed and caused to be committed at least one of the following acts, among others, in the District of Maryland and elsewhere:

    A. On or about March 1, 2012, defendant **CONTEH**, without authorization, accessed confidential account information relating to Capital One account number xxxxx3907 in the name of P.K.

    B. On or about March 8, 2012, defendant **CONTEH**, without authorization, accessed confidential account information relating to Capital One account number xxxxx8201 in the name of R.C.

    C. On or about March 20, 2012, defendant **CONTEH**, without authorization, accessed confidential account information relating to Capital One account number xxxxxx8956 in the name of M.B.

    D. On or about March 20, 2012, defendant **CONTEH**, without authorization, accessed confidential account information relating to Capital One account number xxxxx9107 in the name of A.D.

E.   On or about March 22, 2012, defendant **CONTEH**, without authorization, accessed confidential account information relating to Capital One account number xxxxxx6988 in the name of R.J.

F.   On or about April 2, 2012, defendant **CONTEH**, without authorization, accessed confidential account information relating to Capital One account number xxxxxx4482 in the name of E.Q.

G.   On or about April 3, 2012, defendant **CONTEH**, without authorization, accessed confidential account information relating to Capital One account number xxxxxx4482 in the name of E.Q.

H.   On or about April 5, 2012, defendant **CONTEH**, without authorization, accessed confidential account information relating to Capital One account number xxxxx4482 in the name of E.Q.

I.   On or about April 5, 2012, defendant **CONTEH**, without authorization, accessed confidential account information relating to Capital One account number xxxxxx4449 in the name of G.W.

J.   On or about April 5, 2012, defendant **WILSON**, using the alias **Anthony Johnson**, cashed check 407 drawn on Capital One account number xxxxxx4482 in the name of E.Q., payable to **Anthony Johnson**, in the amount of $5,600.00, at a Capital One branch in Fort Washington, Maryland.

K.   On or about April 5, 2012, defendant **WILSON**, using the alias **Anthony Johnson**, cashed check 409 drawn on Capital One account number xxxxxx4482 in the name of

E.Q., payable to **Anthony Johnson**, in the amount of $7,100.00, at a Capital One branch in LaPlata, Maryland.

   L. On or about April 5, 2012, defendant **WILSON**, using the alias **Anthony Johnson**, cashed check 411 drawn on Capital One account number xxxxxx4482 in the name of E.Q., payable to **Anthony Johnson**, in the amount of $6,400.00, at a Capital One branch in Silver Hill, Maryland.

   M. On or about April 5, 2012, defendant **WILSON**, using the alias **Anthony Johnson**, cashed check 412 drawn on Capital One account number xxxxxx4482 in the name of E.Q., payable to **Anthony Johnson**, in the amount of $6,600.00, at a Capital One branch in District Heights, Maryland.

   N. On or about April 11, 2012, defendant **CONTEH**, without authorization, accessed confidential account information relating to Capital One account number xxxx8790 in the name of Y.K.

18 U.S.C. § 1349

## COUNTS TWO THROUGH FIVE

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 3 and 5 through 8 of Count One are incorporated here and constituted a scheme to defraud as defined in paragraph 4 of Count One.

2. On or about the dates set forth below, in the District of Maryland and elsewhere, the defendants,

**JAYAD ZAINAB ESTER CONTEH, and**
**PAUL ANTHONY WILSON,**

did knowingly and willfully execute and attempt to execute the scheme to defraud as follows:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 2 | April 5, 2012 | Cashed and caused to be cashed check 407 drawn on Capital One account number xxxxxx4482 in the name of E.Q., payable to **Anthony Johnson**, in the amount of $5,600.00, at a Capital One branch in Fort Washington, Maryland. |
| 3 | April 5, 2012 | Cashed and caused to be cashed 409 drawn on Capital One account number xxxxxx4482 in the name of E.Q., payable to **Anthony Johnson**, in the amount of $7,100.00, at a Capital One branch in LaPlata, Maryland. |
| 4 | April 5, 2012 | Cashed and caused to be cashed check 411 drawn on Capital One account number xxxxxx4482 in the name of E.Q., payable to **Anthony Johnson**, in the amount of $6,400.00, at a Capital One branch in Silver Hill, Maryland. |

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 5 | April 5, 2012 | Cashed and caused to be cashed check 412 drawn on Capital One account number xxxxxx4482 in the name of E.Q., payable to **Anthony Johnson**, in the amount of $6,600.00, at a Capital One branch in District Heights, Maryland. |

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT SIX

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 3 and 5 through 7 and paragraph 8, Overt Acts H and J through M of Count One are incorporated here.

2. On or about April 5, 2012, in the District of Maryland and elsewhere, the defendants,

**JAYAD ZAINAB ESTER CONTEH, and
PAUL ANTHONY WILSON,**

did knowingly, transfer, possess and use, without lawful authority, a means of identification of another person, that is, the name, address and bank account number of E.Q., during and in relation to a felony violation, that is, conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349, as charged in Count One of this Indictment, and bank fraud, in violation of Title 18, United States Code, Section 1344, as charged in Counts Two through Five of this Indictment.

18 U.S.C. § 1028A
18 U.S.C. § 2

## COUNT SEVEN

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1, 3, and 7 of Count One are incorporated here.

2. On or about April 4, 2012, in the District of Maryland and elsewhere, the defendant,

## PAUL ANTHONY WILSON,

did knowingly and willfully execute and attempt to execute a scheme to defraud SunTrust Bank, a financial institution, and to obtain money and property under the custody and control of SunTrust Bank, by means of materially false and fraudulent pretenses, representations, and promises, and material omissions, by cashing and causing to be cashed check 1259 drawn on SunTrust account number xxxxx4100 in the name of L.F., payable to **Anthony Johnson**, in the amount of $4,350.00, at a SunTrust branch in Potomac, Maryland.


18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT EIGHT

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1, 3, and 7 of Count One are incorporated here.

2. On or about April 4, 2012, in the District of Maryland and elsewhere, the defendant,

## PAUL ANTHONY WILSON,

did knowingly, transfer, possess and use, without lawful authority, a means of identification of another person, that is, the name, address and bank account number of L.F., during and in relation to a felony violation, that is, conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349, as charged in Count One of this Indictment, and bank fraud, in violation of Title 18, United States Code, Section 1344, as charged in Count Seven of this Indictment.

18 U.S.C. § 1028A
18 U.S.C. § 2

## COUNTS NINE THROUGH ELEVEN

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1, 2, 5, 6, and paragraph 8, Overt Acts F through H of Count One are incorporated here.

2. On or about the dates listed below, in the District of Maryland and elsewhere, the defendant,

**JAYAD ZAINAB ESTER CONTEH,**

did intentionally exceed authorized access and thereby obtain information contained in a financial record of a financial institution.

| COUNT | DATE | DESCRIPTION |
| --- | --- | --- |
| 9 | April 2, 2012 | Capital One account number xxxxxx4482 in the name of E.Q. |
| 10 | April 3, 2012 | Capital One account number xxxxxx4482 in the name of E.Q. |
| 11 | April 5, 2012 | Capital One account number xxxxxx4482 in the name of E.Q. |

18 U.S.C. § 1030(a)(2)(A)
18 U.S.C. § 2

11

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further charges that:

1. Pursuant to Fed. R. Crim. P. 32.2 notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 982(a)(2), in the event of the defendant's convictions under Counts One through Five, Seven, and Nine through Eleven of this Indictment.

### Bank Fraud Forfeiture

2. As a result of the offenses set forth in Counts One through Five, Seven, and Nine through Eleven of this Indictment, the defendants,

**JAYAD ZAINAB ESTER CONTEH, and
PAUL ANTHONY WILSON,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation (Counts One through Five and Nine through Eleven as to defendant **CONTEH**, and Counts One through Five and Count Seven as to defendant **WILSON**). The property to be forfeited includes, but is not limited to, the following:

a. All monies constituting proceeds obtained, directly or indirectly, as a result of such violations.

b. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable.

**Substitute Assets**

3. If any of the property described above in paragraph 2 above as being subject to forfeiture, as a result of any act or omission of any defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants, including the property described in paragraph 2 above, up to the value of any forfeitable property.

18 U.S.C. § 982(a)(2)

*Rod J. Rosenstein/AMA*
Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

June 4 2012
Date